IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Christopher Blythe, | Case No. 3:14 CV 554 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING |
| -vs- | *PRO SE* COMPLAINT |
| North Central Correctional Institution, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

*Pro se* Plaintiff Christopher Blythe filed this *in forma pauperis* Section 1983 action against North Central Correctional Institution ("NCCI") and staff, alleging Defendants deprived him of his federal constitutional rights while acting under color of state law.

**BACKGROUND**

Plaintiff arrived at NCCI in January 2013. He immediately complained to medical staff about a lump on the back of his head (Doc. 1 at 4). After filing a grievance, Plaintiff was examined and advised that the lump had increased in size. He alleges he then made repeated and desperate pleas for attention. In September 2013, medical personnel performed a CT scan of Plaintiff. He complains two months passed before he learned the test results were "negative." Aside from the negative CT scan, "the most anyone has done to diagnose my lump was touch it and that's it" (*id.* at 5). "[A]fter complaining time and time again about my constant headaches and inability to sleep on my back due to the pain," described as "unbearable," "I was prescribed 400 mg [of] Ibuprofen" (*id.* at 4–5).

Plaintiff argues a specialist should remove the lump, but Defendants refuse to arrange such surgery. An unidentified nurse suggested "he be seen" (presumably by a specialist), while another unidentified nurse advised that surgery would only be cosmetic. Plaintiff seeks $2 million in compensatory and punitive damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this Court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). A cause of action fails to state a claim upon which relief may be granted if it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). This Court construes a complaint in the light most favorable to plaintiff. *See Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

"The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward the inmate's serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quotation marks omitted). An Eighth Amendment claim contains objective and subjective elements.

First, "[p]laintiff must plead facts which, if true, establish the existence of a sufficiently serious medical need. Seriousness is measured objectively, in response to contemporary standards of decency. Essentially, a prisoner must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (quotation marks and internal citations omitted). To establish a "serious medical need," Plaintiff either must

2

point to an "injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention," *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009), or provide "verifying medical evidence" for "minor maladies or non-obvious complaints of a serious need for medical care." *Blackmore*, 390 F.3d at 898. *See also Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Second, "[t]he subjective element requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quotation marks omitted). "[P]laintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Id.*

A layman would not perceive Plaintiff's head lump as obviously requiring further medical attention. Further, Plaintiff received some treatment to address the head lump -- a CT scan, a manual exam of the lump, and pain medication. But he argues the failure to refer him to a specialist for surgery violates the Eighth Amendment. "In essence, his claim amounts to a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment. This does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002). *See also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether

3

an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice," not grounds for an Eighth Amendment claim).

Finally, while this Court liberally construes *pro se* complaints alleging a civil rights deprivation, Plaintiff's Complaint fails to satisfy basic elements of notice pleading. He fails to identify any of the doctors, nurses, or other prison staff who acted with deliberate indifference, referring only to the "Institutional Administration" or "Medical Staff" (Doc. 1 at 6).

### CONCLUSION

For these reasons, Plaintiff fails to state an Eighth Amendment claim. The Complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 16, 2014